**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 8 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

---

PING SHEN; GUI YU PIAO,

Petitioners,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 22-951

Agency Nos.
A087-888-879
A087-888-880

MEMORANDUM[*]

---

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 18, 2023[**]

Before:     SCHROEDER, RAWLINSON, and BADE, Circuit Judges.

Ping Shen ("Shen") and Gui Yu Piao, natives and citizens of China,

petition pro se for review of the Board of Immigration Appeals' ("BIA") order

dismissing their appeal from an immigration judge's decision denying their

applications for asylum, withholding of removal, and protection under the

Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C.

---

[*]      This disposition is not appropriate for publication and is not
precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations under the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on inconsistencies in Shen's asylum application, testimony, and other documentary evidence as to his identity, including his name and date of birth. *See id.* at 1040 (inconsistencies may be considered in assessing credibility under the totality of the circumstances); *Garcia v. Holder*, 749 F.3d 785, 789-91 (9th Cir. 2014) (adverse credibility finding supported where petitioner lied about identity). Shen's explanations do not compel a contrary conclusion. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). Substantial evidence also supports the agency's determination that petitioners did not present documentary evidence that would otherwise establish their eligibility for relief. *See Garcia*, 749 F.3d at 791 (applicant's documentary evidence was insufficient to rehabilitate his testimony or independently support claim).

In light of this disposition, we need not reach petitioners' contentions regarding whether Shen's asylum application was timely filed and whether, assuming Shen's testimony was credible, they established eligibility for asylum and withholding of removal. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to decide issues unnecessary to the results they reach).

Thus, in the absence of credible testimony, petitioners' asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Substantial evidence supports the agency's denial of CAT protection because petitioners' claims were based on the same testimony the agency found not credible, and they do not point to any other evidence in the record that compels the conclusion that it is more likely than not they would be tortured in China. *See id*. at 1157.

We do not consider the materials petitioners reference in their opening brief that are not part of the administrative record. *See Fisher v. INS*, 79 F.3d 955, 963-64 (9th Cir. 1996) (en banc).

The temporary stay of removal remains in place until the mandate issues. The motion for a stay of removal is otherwise denied.

**PETITION FOR REVIEW DENIED.**